UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14369-AMC/SMM

**DOUGLAS BELLEVILLE, individually and**
on behalf of all others similarly situated,

    **Plaintiff,**

v.

**FLORIDA INSURANCE SERVICES, INC.,**
a Florida Corporation,

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS [DE 15]**

Plaintiff Douglas Belleville brings this putative class action against Defendant Florida Insurance Services, Inc., for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  DE 13.  Plaintiff alleges two counts under § 277(c)(5) of the TCPA, premised upon violations of two separate Federal Communication Commission ("FCC") regulations: 47 C.F.R. § 64.1200(c) and 47 C.F.R. § 64.1200(d).  Defendant has filed a Motion to Dismiss ("Motion") seeking to dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim under the TCPA and for lack of Article III standing.  DE 15.  Alternatively, Defendant's Motion seeks to strike certain improper allegations.  Presiding U.S. District Judge Aileen M. Cannon has referred this Motion to me for appropriate disposition.  DE 21.  I have considered the Motion DE 15, Plaintiff's Response DE 18, and Defendant's Reply DE 22.  For the reasons discussed below, I respectfully recommend that the Motion be **GRANTED** and that the Amended Complaint be dismissed in its entirety with leave to amend.

1

## BACKGROUND

At this motion-to-dismiss stage, I will accept Plaintiff's factual allegations as true and construe them in the light most favorable to him.

According to the Amended Complaint, Defendant, doing business as Senior Life Services, sells life, health and annuity insurance plans, including final expense insurance to consumers throughout the U.S. DE 13 ¶¶ 13-14. Plaintiff is a resident of St. Louis, Missouri who has owned his cell phone number since November of 1996. *Id.* ¶¶ 1, 25. According to Plaintiff, he only ever uses his cell phone for personal use, and never for business. *Id.* ¶¶ 26-34. On July 20, 2009, Plaintiff registered his cell phone number on the national do-not-call list. *Id.* ¶ 25.

According to Plaintiff, Defendant, Florida Insurance Services Inc., uses the fictitious name, Senior Life Services. DE 13 ¶ 13.[1] Between October and November 2023, Plaintiff received four calls from different numbers he believed to be telemarketing calls from Senior Life Services. Plaintiff alleges that, each time, the caller asked for Phyllis Pearson.[2] First, on October 23, 2023, Plaintiff received a call from 661-399-8000. *Id.* ¶ 40. Plaintiff informed the caller that they had the wrong number, and the caller hung up before Plaintiff could receive more information. *Id*. ¶ 41. No company name was mentioned. *Id*. Second, on November 4, 2023, Plaintiff received a call from 405-960-7088. This time, the caller asked for Phyllis Pearson and wanted to provide an insurance quote. *Id.* ¶ 44. Once again, Plaintiff informed the caller they had the wrong number, and the caller hung up before Plaintiff could ask for more information. *Id.* ¶ 45. Third, on November 7, 2023, Plaintiff received a call from 314-919-9812, asking for Phyllis Pearson, and to

---

[1] The Amended Complaint includes a picture of and link to the Florida Department of State's Fictitious Name Detail, verifying that Defendant uses the name Senior Life Services. *Id*.

[2] Plaintiff claims that "[f]or approximately three years, [he] has received calls from callers asking for a woman named Phyllis Pearson." *Id.* ¶ 36.

provide an insurance quote. *Id.* ¶¶ 46, 47. The caller stated they were calling from "what sounded like Senior Life Services." *Id.* ¶ 47. Again, Plaintiff told the caller they had the wrong number and the caller hung up. Lastly, on November 8, 2023, Plaintiff received a call from 314-948-9841. *Id.* ¶ 49. The caller once again asked for Phyllis Pearson and wanted to provide a supplemental insurance quote. *Id.* ¶ 50. This time, however, Plaintiff "feigned interest," and the caller revealed they were calling from Senior Life Services and even provided their website, theslsway.com. *Id.* ¶¶ 50, 51. Plaintiff believes all four calls were from Senior Life Services because they all called to provide an insurance quote, began their sales pitch the same way, and when called back, each number provided the same busy signal. *Id.* ¶ 52.

On November 23, 2023, Plaintiff filed this class action lawsuit for violations of the TCPA. DE 1. On January 11, 2024, Defendant moved to dismiss the action for failure to state a claim and lack of Article III standing. DE 10. On February 1, 2024, Plaintiff filed an Amended Complaint, DE 13, alleging two counts. Count I alleges that Defendant violated 47 C.F.R. § 64.1200(c) by initiating telemarketing calls to Plaintiff and others who have registered their telephone numbers on the National Do Not Call Registry. DE 13 ¶ 67. Count II alleges that Defendant violated 47 C.F.R. § 64.1200(d) by calling Plaintiff and others without implementing internal procedures for maintaining a list of persons who request not to be called. *Id.* at ¶ 73.

On February 15, 2024, Defendant moved to dismiss the Amended Complaint or, in the alternative, to strike certain allegations as improper. DE 15. Defendant seeks dismissal with prejudice on grounds that the Amended Complaint is Plaintiff's "second failed attempt to state a claim or to allege sufficient class allegations" and he should not be afforded another opportunity

to amend. *Id.* at 10.[3]  Plaintiff filed a response in opposition, DE 18, Defendant has replied, DE 22, and the Motion is ripe for review.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the basis that it fails to state a claim upon which relief can be granted. When considering such a motion, a court must accept the factual allegations pleaded in the complaint as true and must construe the complaint in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the plausibility standard has been met, a court must consider the pleading as a whole and must draw on judicial experience and common sense. *Id.*; *see also Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[3] For reasons discussed *infra* in this report, I find that Counts I and II should be dismissed for failure to state a claim, Count II fails for lack of standing, and Plaintiff should be given one final opportunity to replead. In light of these findings, I do not reach Defendant's alternative arguments concerning injunctive relief and class allegations. It should be noted that dismissal of class allegations at the pleading stage "is an extreme remedy appropriate only where a defendant demonstrates 'from the facts of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[ ] regardless of the facts the plaintiff [ ] may be able to prove." *Epler v. Air Methods Corp.*, 2021 WL 2813817, at *1 (M.D. Fla. June 30, 2021) (alterations in original) (citing *Oginski v. Paragon Prop. of Costa Rica, LLC*, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)). In the context of seeking to strike class allegations, courts in this Circuit generally consider motions to strike to be premature, instead finding that such issues are best addressed in opposition to a motion for class certification, after the benefit of discovery. *Sharfman v. Premier Med., Inc.*, 2021 WL 6884683, at *4 (M.D. Fla. Dec. 29, 2021) (collecting cases).

A plaintiff need not detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short and plain statement that fairly notifies the defendant of what the claim is and the grounds on which it rests. *Twombly*, 550 U.S. at 555-56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555-56. The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

A complaint may also be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction for lack of Article III standing. *See Elend v. Basham*, 471 F.3d 1199, 1205, 1208 (11th Cir. 2006). Article III standing is a threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (en banc). "'The law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Further, "standing requirements 'are not mere pleading requirements but rather [are] an indispensable part of the plaintiff's case.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Indeed, standing is a threshold question that must be explored at the outset

of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)), *cert. denied*, –––– U.S. ––––, 140 S. Ct. 900, 205 L. Ed. 2d 467 (2020). "In its absence, 'a court is not free to opine in an advisory capacity about the merits of a plaintiff's claim.'" *Id.* (quoting *Bochese*, 405 F.3d at 974). "In fact, standing is 'perhaps the most important jurisdictional' requirement, and without it, [federal courts] have no power to judge the merits." *Id.* (footnote omitted) (quoting *Bochese*, 405 F.3d at 974).

To establish standing, a plaintiff must allege that: (1) it "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

## **ANALYSIS**

The TCPA directs the FCC to create regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019) (citing 47 U.S.C. § 227(c)(1)). The TCPA "creates a private right of action for any 'person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under' the TCPA." *Becker v. Pro Custom Solar LLC*, 2020 WL 474647, at *5 (M.D. Fla. Jan. 29, 2020) (quoting 47 U.S.C. § 227(c)(5)).

Plaintiff brings two counts under 47 U.S.C. § 227(c)(5) of the TCPA. Count I alleges a violation of 47 C.F.R. § 64.1200(c), which provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her

6

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." Count II alleges a violation of 47 C.F.R. § 64.1200(d), which provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

### A. Counts I and II Should Be Dismissed for Failure to Sufficiently Allege Direct or Vicarious TCPA Liability.

Defendant argues that Plaintiff fails to plead sufficient facts supporting a plausible theory of liability for either of the two counts pled. DE 15 at 13. Specifically, Defendant argues that Plaintiff fails to plead facts demonstrating either direct or vicarious liability. *Id*. I agree. "To state a claim for relief under the TCPA, a plaintiff may proceed either on a theory of direct liability, which "applies only to entities that 'initiate' the telemarketing calls, or on a theory of vicarious liability which, 'in the TCPA context[,] is governed by the federal common law of agency[.]'" *Tuso v. Lennar Corp.*, 2024 WL 1239474 at *3 (S.D. Fla. March 22, 2024) (citations omitted); *see also Taylor v. Suntuity Solar Limited Liability Company*, 2024 WL 964199 at *6 (M.D. Fla. March 6, 2024); *Ewing v. Encor Solar, LLC*, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019) (citing *Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). Vicarious liability can be established using principles of agency law: actual agency, apparent authority, or ratification. *See Tuso*, 2024 WL 1239474 at *3.

Here, Plaintiff alleges in conclusory fashion that Defendant was directly involved in making the first three telephone calls to Plaintiff. For example, Plaintiff states that the first call he received was from Senior Life Services, but the Amended Complaint fails to explain how Plaintiff knows that call was from Senior Life Services. DE 13 ¶¶ 40-42. In fact, Plaintiff clarifies that no

7

company name was mentioned on that first call. *Id*. ¶ 42. Similarly, the Amended Complaint provides no information linking Defendant to the second call. On the third call, Plaintiff vaguely claims the caller identified his employer as "what sounded like Senior Life Services." *Id*. ¶ 47. Rather than allege specific facts tying the first three calls to Defendant, Plaintiff provides only the conclusory allegation that he "received an unsolicited telemarketing call to his cell phone from Senior Life Services" and provides either insufficient or no facts to support a plausible inference that those calls were truly from Senior Life Services. *Id*. ¶¶ 40, 43, 46, 49. It was not until the fourth call that Plaintiff alleges he was directly told the caller was calling on behalf of Senior Life Services and that the caller provided a website for Senior Life Services. *Id*. ¶¶ 50, 51.

Plaintiff attempts to link the four calls to Defendant by noting the callers were all calling to provide an insurance quote, they began with the same sales pitch, and upon calling back each of the phone numbers, the same busy signal was produced. *Id*. ¶ 52. However, Plaintiff does not describe the sales pitch or how the busy signal links the callers.[4] The lone facts in the Amended Complaint that link the first three calls to Defendant, are the callers asking for Phyllis Pearson, and providing an insurance quote. *Id*. ¶¶ 41, 44, 47, 50. However, Plaintiff admittedly has been receiving calls asking for Phyllis Pearson for approximately three years. *Id*. ¶ 36. Further, a telemarketer asking if they can provide an insurance quote is like a police officer asking if you know why you are being pulled over. It is a common practice that fails to narrow down Defendant in any way. These allegations are conclusory and insufficient to establish that Defendant directly made the first three calls.

In his Response, Plaintiff argues an additional reason the calls are linked to Defendant. Plaintiff argues that the four calls all came "within a few days of each other." DE 18 at 3.

---

[4] A common busy signal is not sufficient to establish a plausible inference that any two callers are linked in any way.

Specifically, the November 7 and November 8, 2023 calls were "within 1 day of each other" and came "from similar 314 telephone numbers" showing that if the last call came from Defendant, the rest must have as well. *Id*. However, this is a stretch, and still insufficient because the proximity of the last two calls and similarity in number could very well be coincidental, which is not enough to tie them together or to Defendant.

"To establish a [Do Not Call Registry] claim under TCPA § 227(c)(5) and related regulations, a plaintiff must plead facts that plausibly demonstrate: (1) they received multiple calls within twelve months, (2) from the same entity, (3) to a phone number registered on the National DNC Registry." *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275 at *4 (E.D. Pa., Oct. 7, 2021). *See Huber v. Pro Custom Solar, LLC*, 2020 WL 2525971, at *2 (M.D. Pa. May 18, 2020) (citing 47 C.F.R. § 64.1200(c)(2)). Plaintiff does not meet the first two prongs. First, Plaintiff only provided facts showing the November 8, 2023 call was made by Defendant; that is only one call, which is not sufficient to state a claim. "The TCPA's private right of action provision only grants the right to sue to persons who have received more than one phone call within a 12-month period." *Taylor v. Suntuity Solar Limited Liability Co.*, 2024 WL 964199 (M.D. Fla., March 16, 2024) (citing 47 U.S.C. § 227(c)(5)). Second, Plaintiff has not alleged facts plausibly showing that it received more than the November 8, 2023 call from Defendant.

Courts have held that, "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *10 (E.D. Va. Nov. 12, 2020) ("The sole factual allegation linking [defendant] to the calls is that the caller identified himself as 'associated with [defendant]' which is insufficient under the *Iqbal* pleading standards); See *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275 at *3-4 (E.D. Pa., Oct. 7, 2021) (finding that plaintiffs

9

did not sufficiently plead the offending calls came from defendant, when they provided no details specifying how they knew that defendant itself placed the calls, such as caller ID, identifying themselves, or specifying their services); *Aaronson v. CHW Group, Inc.*, 2019 WL 8953349 at *2 (E.D. Va., April 15, 2019) ("The lone fact marshalled in the Complaint that even comes close to supporting plaintiff's conclusion that defendant was the party that called his cellular telephone is the allegation that one of the calls made to plaintiff was from a telephone number that, according to the Complaint, 'is one of the Defendant's many telephone numbers.' But without any facts to explain why plaintiff believes the identified phone number is owned by defendant, this allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone."); *Augustin v. Santander Consumer USA, Inc.*, 43 F.Supp.3d 1251, 1254 (M.D. Fla., Aug. 7, 2012) (court dismissed case because the plaintiff "recited the elements of a TCPA claim" but did not "provide the dates of the calls, his phone number, his girlfriend's name or phone number, or the number from which he received the allegedly unlawful calls.") *Barnes v. SunPower Corporation*, 2023 WL 2592371 at *3 (N.D. Cal., March 16, 2023) (Finding that even though a plaintiff alleged that upon a return call, an employee claimed to work for defendant, and plaintiff's allegations provided the numbers that called, plaintiff still failed to allege the calls originated directly from defendant).

As it is here, Plaintiff fails to allege factual support identifying Defendant as the offending caller, and therefore Counts I and II should therefore be dismissed.[5]

---

[5] Defendant argues Plaintiff has not given Defendant fair notice of his TCPA claims because the Amended Complaint does not contain at least a redacted version of Plaintiff's phone number. DE 15 at 1. In this district, "[t]he fact that Plaintiff does not identify the specific telephone number called … is not fatal under *Twombly* and *Iqbal*. *Buslepp v. Improv Miami, Inc.*, 2012 WL 1560408, at *1 (S.D. Fla. May 4, 2012) (denying motion to dismiss TCPA claim where plaintiff alleged the date and content of the text message but did not provide his number.) However, while not fatal to his claim, I do agree with the reasoning in Defendant's out of district case, *Mendez v. Optio Sols., LLC,* and advise Plaintiff, should he choose to amend his complaint, it should include at least the last four digits of the telephone number that Defendant allegedly called, in order to give Defendant fair notice. 219 F. Supp. 3d 1012, 1015 (S.D. Cal. 2016); See *Augustin* 43 F.Supp.3d at 1254.

### B.      Count II is also Subject to Dismissal for Lack of Standing.

Defendant argues that Count II should also be dismissed for lack of Article III standing. DE 22 at 12.  Specifically, Defendant argues that "Plaintiff never once alleges in his [Amended Complaint] that he asked for his cell phone number to be placed on any caller's internal DNC list…" *Id*.  Defendant is correct.  Plaintiff's allegations are insufficient to establish Plaintiff's standing to state a claim under the TCPA.  *See Cordoba v. DirectTV, LLC*, 942 F.3d 1259, 1271-72 (11th Cir. 2019).

In *Cordoba*, the plaintiff initiated a class action lawsuit alleging that the defendants violated the TCPA's regulatory scheme, including the provisions in section 64.1200(d).  *Id.* at 1266. The named plaintiff repeatedly asked defendants not to be called and the Eleventh Circuit concluded that while the named plaintiff had standing, class members who did not ask the defendants to stop calling them "were not injured by the failure to comply with the regulation" and thus lacked Article III standing to sue.  *Id.*

Here, the Amended Complaint is completely devoid of any allegation that Plaintiff asked to be placed on Defendant's internal do-not-call list.  Like the class members in *Cordoba* who lacked standing, Plaintiff never asked Defendant to be placed on any internal do-not-call list.  Nor does Plaintiff ever tell the callers that he did not wish to be called.  Thus, as currently pled, the allegations in the Amended Complaint are insufficient to establish Plaintiff's standing to sue for Defendant's alleged violations.  Plaintiff's alleged injuries are not fairly traceable to Defendant's wrongful conduct and Defendant lacks Article III standing.

Further, "[t]he Eleventh Circuit has held that Article III standing to sue for failure to maintain and honor an internal DNC list arises from calls made in violation of the Act." *Hossfeld v. American Financial Security Life Ins. Co.*, 544 F. Supp. 3d 1323, 1333 (S.D. Fla., June 16,

2021). As discussed above, Plaintiff fails to allege facts plausibly showing that Defendant made more than one call to Plaintiff. *Id*. at 1333. Meaning that multiple calls must be made in violation of the Act to establish standing for an internal DNC claim. In the absence of allegations linking Defendant to more than one offending call, Plaintiff does not and cannot sufficiently allege that any calls were made in violation of any internal DNC list. Without factual support, Plaintiff has not sufficiently alleged standing to sue for failure to maintain an internal DNC list. This one call is insufficient to establish Article III standing. Count II should therefore be dismissed on this additional basis.

## CONCLUSION

The Amended Complaint's allegations are presently insufficient to state claims under the TCPA. However, because Plaintiff has only amended his complaint once as a matter of course and may be able to plead greater detail to support his claim, he should be granted one final opportunity to amend this claim. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (dismissal of amended complaint without leave to amend was abuse of discretion where amended complaint had been filed as a matter of course in response to a defendant's prior motion to dismiss such that "it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments"); Fed. R. Civ. P. 15(a) (leave to amend should be freely given "when justice so requires."). However, I caution Plaintiff, that without additional supporting factual allegations to satisfy the required legal elements outlined above, he will fail to state a claim.

Therefore, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 15, be **GRANTED** as follows. The Amended Complaint should be **DISMISSED** in its entirety. However, given that Plaintiff has amended once before as a matter of course and may be able to

plead greater detail to support his claims, this dismissal should be **WITHOUT PREJUDICE** and Plaintiff should be afforded one final opportunity to amend his complaint to address the deficiencies discussed in this Report.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 22nd day of May, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE