UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14369-CIV-CANNON/Maynard

DOUGLAS BELLEVILLE
individually and on behalf of others similarly situated,

      Plaintiff,

v.

FLORIDA INSURANCE SERVICES, INC.,

      Defendant.

_____/

ORDER ACCEPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Magistrate Judge's Report and
Recommendation on Defendant's Motion to Dismiss [ECF No. 23]. Upon review, the Report is
ACCEPTED IN PART AND REJECTED IN PART [ECF No. 23]. In light of recent Eleventh
Circuit precedent on the Article III injury analysis in the telemarketing context, *see Drazen v.
Pinto*, 74 F.4th 1336 (11th Cir. 2023) (en banc), the Court rejects the Report's conclusion, as to
Count 2, that Plaintiff must allege facts showing that Defendant made more than one call to
Plaintiff in order to establish Article III standing to sue under the Telephone Consumer Protection
Act (the "TCPA") [ECF No. 23 p. 12]. The Court otherwise accepts the Report and grants
Defendant's Motion to Dismiss in accordance with this Order [ECF No. 15], because Plaintiff has
failed to plausibly allege either direct or vicarious liability under the TCPA. For that reason alone,
Plaintiff's Amended Complaint [ECF No. 13] is DISMISSED WITHOUT PREJUDICE.
Plaintiff is afforded **one final opportunity** to amend his claims in the form of a Second Amended
Complaint, due on or before **June 13, 2024**.

\*\*\*

On February 1, 2024, Plaintiff filed the operative class-action Complaint in this matter, alleging violations of the TCPA [ECF No. 1].  Defendant timely filed a Motion to Dismiss the Complaint [ECF No. 15]; Plaintiff filed his Response in Opposition [ECF No. 18]; and Defendant filed a Reply [ECF No. 22].  On May 22, 2024, following referral [ECF No. 21], Magistrate Judge Shaniek M. Maynard issued a Report recommending Defendant's Motion to Dismiss be granted because: (1) Plaintiff failed to plausibly allege direct or vicarious liability; and (2) that Plaintiff's allegations failed to establish Article III standing [ECF No. 23].  The Report further recommended that Plaintiff's Complaint be dismissed without prejudice because Plaintiff had amended his Complaint only once before, as a matter of course [ECF No. 23 p. 12].  On May 28, 2024, the parties filed their respective Notices of Non-Objection to the Report [ECF Nos. 24, 25].  Plaintiff indicated in his Notice of Non-Objection that he intends to file an amended pleading [ECF No. 24].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following review, the Court finds no clear error of fact and no error of law in the Report on the issue of whether Plaintiff has plausibly alleged direct or vicarious liability under the TCPA.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 23] is **ACCEPTED IN PART AND REJECTED IN PART**.

2.  Defendant's Motion to Dismiss [ECF No. 15] is **GRANTED** for the reasons stated in the Report on the issues of direct and vicarious liability and traceability.

3.  Plaintiff's Amended Complaint [ECF No. 13] is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is afforded <u>one final opportunity</u> to amend his claims.  Plaintiff shall file a Second Amended Complaint on or before **June 13, 2024**.  The Second Amended Complaint shall take into account the deficiencies identified in the Report.  If filed, the Second Amended Complaint will be the sole operative pleading in this matter.

---

[1] As noted, however, the Court rejects the Report to the extent it concludes that Plaintiff lacks Article III standing absent an allegation linking Defendant to more than one offending phone call (as opposed to one call alone).  The Eleventh Circuit recently explained that a single, unwanted text message is sufficient to establish a concrete injury in fact as required to have Article III standing. *Drazen*, 74 F.4th at 1345.  This is because the question of "concreteness" is one of kind, rather than degree.  *Id.* at 1343–46.  *Drazen* rejects the notion that Article III requires courts to engage in a weighing analysis to determine whether the harm alleged is harm enough.  *Id.*  Instead, on a claim alleging a violation of the TCPA, where the relevant injury is offensiveness, the court asks not whether the solicitation(s) was offensive enough but whether it was offensive at all.  *Id.* at 1344–46; *id.* at 1345 (observing that it is the purview of Congress in enacting the TCPA to decide what degree of harm is enough "so long as that harm is similar in kind to a traditional harm" under the common law).  Applying *Drazen* here leads to the conclusion that Plaintiff need only allege one offensive phone call to establish Article III injury.  Nothing in this Order undermines any other element of Article III standing (e.g., traceability) and/or the Report's discussion of the requirement that Plaintiff request to be placed on the do not call list [ECF No. 23 p. 11].

CASE NO. 23-14369-CIV-CANNON/Maynard

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of May 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

4